**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jarred PJ Bowens, et al., | No. CV-25-02457-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Wallick and Volk Incorporated, et al., | |
| Defendants. | |

Before the Court are Defendants' Motions to Dismiss. (Docs. 40, 42.) The issue here is whether alleged confusion about the identity of the loan holder, without more, states a claim for relief. It does not. The Motions will be granted.[1]

### I.    BACKGROUND

This is a removed pro se action in which Plaintiffs Jarred and Asha Bowens assert claims arising from a residential mortgage loan. Plaintiffs amended their complaint once in state court before removal. (Docs. 1-2, 1-8.)

The claims arise from a loan transaction involving several entities. The defendants are Wallick and Volk, Inc. ("WV"), the originating lender; Federal National Mortgage Association ("Fannie Mae"), the alleged owner of the loan; Mortgage Electronic Registration Systems, Inc. ("MERS"), identified as beneficiary in the deed of trust; LoanCare, LLC, the loan servicer; and Lakeview Loan Servicing, LLC, the alleged

---

[1] The Court finds that a hearing is unnecessary for the pending motions, as the issues have been fully briefed and oral argument would not have aided the Court's decisional process. *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* Fed. R. Civ. P. 78(b); LRCiv 7.2(f).

purchaser of the mortgage. Fannie Mae, MERS, LoanCare, and Lakeview (collectively, the "FNMR Defendants") originally moved to dismiss in August 2025. (Doc. 17.) One month later, the Court denied that motion as moot after granting leave to file a Second Amended Complaint and denied Plaintiffs' motion for preliminary injunction.

Plaintiffs have since filed their Second Amended Complaint, asserting claims for quiet title, breach of contract, unconscionability, breach of the implied covenant of good faith and fair dealing, declaratory relief, violations of federal consumer-protection statutes, and unjust enrichment/restitution. (Doc. 34 ¶¶ 53–73.) Plaintiffs allege they executed a promissory note and deed of trust permitting prepayment to the "Noteholder," but that after transfers among WV, Lakeview, LoanCare, and Fannie Mae, they were unable to obtain competent proof identifying the entity entitled to enforce the loan. (*Id.* ¶¶ 12, 15, 19–27.) They allege that this uncertainty impairs their ability to exercise prepayment rights, that it exposes them to potential duplicative liability, and that WV failed to provide required disclosures at origination. (*Id.* ¶¶ 16–18, 24–27.)

The FNMR Defendants have again moved to dismiss. (Doc. 40.) Defendant WV has separately moved to dismiss. (Doc. 42.) The Court now rules.

## II.     LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A court may dismiss a complaint "if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotation marks and citation omitted). A complaint must assert sufficient factual allegations that, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Plausibility is more than mere possibility; a plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When analyzing the

sufficiency of a complaint, the well-pled factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

### III.    DISCUSSION

The FNMR Defendants argue that the Second Amended Complaint fails to state a claim because Plaintiffs allege no defect in ownership, servicing, or enforceability, and their contract and statutory claims are legally deficient. Defendant WV joins those arguments and separately contends that Plaintiffs' Truth in Lending Act claims are untimely and not subject to equitable tolling. The Court addresses each claim in turn.

#### A.    Quiet Title

Plaintiffs raise a quiet title action under A.R.S. § 12-1101, which permits a person "having or claiming an interest" in real property to bring an action against another who claims an adverse interest. A plaintiff must prevail on the strength of his own title and may not seek to quiet title by attacking the alleged weaknesses of a defendant's interest. *Steinberger v. McVey*, 234 Ariz. 125, 140 (App. 2014).

In *Steinberger*, the Arizona Court of Appeals affirmed dismissal of a borrower's quiet title claim where the plaintiff challenged the authority of the trustee and beneficiary but failed to plead a willingness or ability to pay off the loan. *Id.* The court held that a borrower cannot quiet title while the secured debt remains unpaid and the deed of trust remains in effect. *Id.*

Here, Plaintiffs do not allege that the loan has been satisfied, that they have tendered payment, or that they are willing and able to pay off the debt. To the contrary, they disclaim seeking a "free house" and allege ongoing payment demands and collection activity on the loan.[2] (Doc. 34 ¶¶ 11, 35, 50.) Their quiet title theory is that Defendants cannot demonstrate lawful ownership or a continuous chain of title establishing who is entitled to enforce the Note and Deed of Trust. (Doc. 34 ¶¶ 19–23, 29, 34, 41–42, 52); *see Chavez v. Cal. Reconveyance Co.*, No. 2:10-CV-00325-RLH-LRL, 2010 WL 2545006, at *5 (D. Nev.

---

[2] At the September 2025 hearing, Plaintiffs confirmed that their mortgage payments are ongoing and have been "current under duress."

June 18, 2010) (dismissing a quiet title claim as speculative because "Plaintiffs provide no legal or factual justification for their quiet title claim other than the conclusory allegation that the securitization of their loan was wrongful").

Because Plaintiffs do not plead satisfaction of the debt or a superior title interest, this cause of action is dismissed.

### B.    Breach of Contract Claims

Plaintiffs also assert claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unconscionability. (Doc. 34 ¶¶ 58–62.) To state a breach of contract claim under Arizona law, a plaintiff must allege "the existence of a contract, breach of the contract, and resulting damages." *Chartone, Inc. v. Bernini*, 207 Ariz. 162, 170 (App. 2004). Although the parties do not dispute the existence of the Note and Deed of Trust (*see* Doc. 40 at 6), Plaintiffs do not plausibly allege breach or resulting contract damages.

Plaintiffs contend Defendants "obstruct[ed]" their right to prepay by failing to identify the lawful party entitled to receive payment. (Doc. 34 ¶ 59.) They also allege that, under paragraph 23 of the Deed of Trust,[3] WV and MERS were required to release and reconvey the Deed of Trust when the loan was allegedly sold. (*Id.* ¶ 62.) Paragraph 23, however, provides: "Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument." By its plain terms, the release obligation is triggered by satisfaction of the secured debt, not by assignment of the loan. Plaintiffs do not allege that the loan was paid in full. To the contrary, they allege ongoing payment demands and collection activity. (*Id.* ¶¶ 11, 35, 50.) Even accepting Plaintiffs' factual allegations as true, they do not plausibly allege that the condition for release occurred or that Defendants breached any contractual provision. *See Chavez*, 2010 WL 2545006, at *3 ("Plaintiffs have not stated a viable claim [for breach of contract] because none of their allegations indicate

---

[3] Although the Deed of Trust is not attached to the Second Amended Complaint, Plaintiffs expressly rely on its terms and previously attached it to earlier pleadings. (*See* Doc. 1-2 at 28–42.) Because the Deed of Trust forms the basis of Plaintiffs' contract claims and its authenticity is not disputed, the Court may consider its language under the incorporation-by-reference doctrine without converting this motion to one for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

- 4 -

that Defendants violated the terms of the written mortgage contract or prevented Plaintiffs from receiving a contractual benefit.")

The implied covenant of good faith and fair dealing prohibits a party from impairing the other's right to receive the benefits of the agreement, but it does not create duties inconsistent with the contract's express terms. *Cavallo v. Phx. Health Plans, Inc.*, 254 Ariz. 99, 104 (2022); *see also McKnight v. Torres*, 563 F.3d 890, 893 (9th Cir. 2009). For the same reasons stated above, Plaintiffs' implied covenant claim fails because they do not plausibly allege conduct that deprived them of the benefits of the Note and Deed of Trust. *See Cavallo*, 254 Ariz. at 104.

Finally, Plaintiffs' unconscionability allegations are conclusory and largely restate disclosure and chain-of-title disputes rather than facts showing unfair surprise at formation or oppressive contract terms. *See Maxwell v. Fid. Fin. Servs., Inc.*, 184 Ariz. 82, 88–89 (1995). These claims are dismissed.

**C.    Federal Consumer Protection Statutes**

Plaintiffs assert, for the first time in their Second Amended Complaint, a cause of action alleging violations of the Truth in Lending Act, the Real Estate Settlement Procedures Act, the Fair Debt Collection Practices Act, and the Arizona Consumer Fraud Act. (Doc. 34 ¶¶ 67–72.) Plaintiffs' original complaint and First Amended Complaint did not include these claims. (*See* Docs. 1-2, 1-8.)

Under Rule 15(a)(2), once the time to amend as a matter of right has expired, a party may amend its pleading "only with the opposing party's written consent or the court's leave." When a court grants leave to amend, a plaintiff may not add new causes of action beyond the scope of that leave. *See Cuagliotti v. City of Mesa*, No. CV-24-02970-PHX-SHD, 2025 WL 1918541, at *3 (D. Ariz. July 11, 2025) ("Courts in this circuit generally hold that when a court grants leave to amend with specified limitations, a plaintiff does not have the freedom to make amendments beyond the scope of that leave." (citation omitted)).

Here, Plaintiffs represented at the September 2, 2025 hearing that they sought to

amend their pleading to make it more "clear and direct." The record does not reflect that leave was expressly granted to assert entirely new statutory causes of action. Even assuming amendment was procedurally permissible, however, this cause of action nonetheless fails.

Plaintiffs list statutory provisions, merely pleading conclusory facts establishing the elements of a TILA, RESPA, FDCPA, or ACFA violation. (Doc. 34 ¶¶ 67–72.) Conclusory allegations that Defendants failed to disclose securitization, failed to respond adequately to correspondence, or continued collection activity during a dispute are insufficient under Rule 8. *Iqbal*, 556 U.S. at 678.

Further, Defendant WV separately argues that Plaintiffs' TILA claims are barred by the applicable statute of limitations. (Doc. 42.) TILA damages claims must be brought within one year of consummation of the transaction, and rescission claims expire three years after consummation. 15 U.S.C. §§ 1635(f), 1640(e). Plaintiffs allege the loan was consummated on November 13, 2019. (Doc. 34 ¶ 12.) This action was filed in 2025, well beyond both limitations periods. And Plaintiffs allege no facts supporting equitable tolling. Accordingly, the TILA claims are independently time-barred. This cause of action is dismissed.

### D.    Unjust Enrichment and Restitution

Plaintiffs also raise claims for unjust enrichment/restitution. (Doc. 34 ¶¶ 73–75.) They argue that Defendants unjustly enriched themselves at the Plaintiffs' expense by collecting payments without a legal right and therefore, Plaintiffs are entitled to a return of their mortgage payments. (*Id.*) But "where there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application." *Brooks v. Valley Nat'l Bank*, 113 Ariz. 169, 174 (1976); *see also USLife Title Co. of Ariz. v. Gutkin*, 152 Ariz. 349, 354 (App. 1986). Here, Plaintiffs expressly rely on the Note and Deed of Trust. (Doc. 34 ¶ 12.) Because those contracts govern the parties' rights and obligations concerning repayment of the loan, unjust enrichment is unavailable as a matter of law. This claim is dismissed.

### E.    Declaratory Relief and Injunctive Relief

Plaintiffs assert a cause of action for declaratory relief under 28 U.S.C. § 2201, seeking a declaration that title to the property is vested solely in Plaintiffs, that Defendants have no lawful interest in the property or Note, and that all assignments or enforcement actions are invalid and void. (Doc. 34 ¶ 66.) Plaintiffs also request injunctive relief barring Defendants and their agents from collecting, servicing, or transferring the Note and Deed of Trust.

The Declaratory Judgment Act, however, "merely provides federal courts authorization to render declaratory judgments; it does not itself state a cause of action without some underlying legal basis." *Thieriot v. Pac. Gas & Elec. Co.*, No. 24-CV-07476-CRB, 2025 WL 1927737, at *1 n.1 (N.D. Cal. July 14, 2025); *see also Kaywanfar v. Arianpour*, No. CV 22-1142-DMG (MAAx), 2023 WL 3526191, at *5 (C.D. Cal. Mar. 3, 2023) ("[D]eclaratory relief is a remedy, not a separate claim."). Because Plaintiffs have failed to state any cognizable substantive claim, there is no independent basis for declaratory relief. *Flores v. Cal. Pub. Utils. Comm'n*, No. 1:26-CV-00307-KES-SKO, 2026 WL 218953, at *4 (E.D. Cal. Jan. 28, 2026) ("Because there is no cognizable claim pleaded in the operative complaint, Plaintiff is not entitled to declaratory relief."); *Payne v. Orange Cnty. Dep't of Child Support*, No. 1:04-CV-6330OWWLJO, 2005 WL 1657065, at *4 (E.D. Cal. July 7, 2005) ("Plaintiff has stated no valid claims and is therefore not entitled to declaratory relief against any Defendant.").

For the same reason, Plaintiffs are not entitled to injunctive relief. *See Chavez*, 2010 WL 2545006, at *5. Because the operative complaint states no valid claim for relief, Plaintiffs' requests for declaratory and injunctive relief are dismissed.

## IV.    CONCLUSION

Under Rule 15(a)(2), leave to amend should be given freely "when justice so requires." But it is not required when amendment "would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay."

*Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Plaintiffs previously amended their complaint in state court and were granted leave to amend following removal. Despite that opportunity, the Second Amended Complaint fails to state a cognizable claim, and the deficiencies identified above cannot be cured by additional factual allegations. Accordingly, further amendment would be futile, and dismissal is without leave to amend.

**IT IS THEREFORE ORDERED** that the FNMR Defendants' Motion to Dismiss (Doc. 40) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant WV's Motion to Dismiss (Doc. 42) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Second Amended Complaint (Doc. 34) is dismissed with prejudice.

**IT IS FINALLY ORDERED** that the Clerk of Court must enter judgment accordingly and close this case.

Dated this 2nd day of March, 2026.

Michael T. Liburdi
United States District Judge

- 8 -